IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TYRONE BARBER                                                                    PLAINTIFF

vs.                                          CASE NO. 3:04CV00195GH

MCGRIFF TIRE, INC.                                                              DEFENDANT

## ORDER

Plaintiff filed this action pro se alleging that he was subjected to a hostile working environment and unequal terms and conditions of employment because of his race and in retaliation for opposing defendant's discriminatory employment practices. He also contends that he was he was terminated for complaining about defendant's discriminatory practices.

Defendant has filed a motion for summary judgment. For the reasons stated below, the motion is denied.[1]

Plaintiff was employed as a service manager with defendant from July 7, 2003 until October 10, 2003. Plaintiff contends that he was subjected to a racially hostile environment, where his managers, as well as other employees and customers, made racially offensive jokes and used racially derogatory terms. He further contends that white employees received their uniforms sooner than black employees did and that black employees were required to use the restroom available to customers while white employees were permitted to use a different restroom that remained locked. Plaintiff further states that he complained about the managers and employees smoking in non-smoking areas. Plaintiff asserts that he was terminated after he complained to the Corporate Office concerning the racially hostile environment. Defendant states that

---

[1] Defendant argues that plaintiff cannot establish a case of racial discrimination with regard to his termination. Plaintiff has not alleged disparate treatment with regard to race; he contends that defendant retaliated against him in terminating him and subjected him to a hostile environment. The Court will limit its discussion to these claims.

-1-

plaintiff was terminated for not having a valid driver's license.

"Title VII prohibits an employer from discriminating against any employee 'because he has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge ... under this subchapter.' 42 U.S.C. § 2000e-3(a). A prima facie case of retaliation discrimination requires a showing that plaintiff engaged in conduct protected by Title VII and suffered an adverse employment action that was 'causally linked to the protected conduct.'" *Tenkku v. Normandy Bank* 348 F.3d 737, 742 (8th Cir. 2003)(citation omitted)

The evidence demonstrates that plaintiff complained of a racially hostile environment. Very shortly thereafter he was terminated. Defendant contends that plaintiff cannot establish that the termination was causally linked to the complaints and that he was terminated for not having a valid driver's license.

The Court cannot agree that plaintiff has failed to establish a prima facie case of retaliation. Defendant does not dispute that plaintiff complained of a racially hostile environment. There is a factual dispute as to the reason for plaintiff's termination.

The Court cannot find that the evidence supports defendant's assertion that plaintiff was terminated for not having a valid driver's license. Plaintiff admits that he was told that was the reason for the termination, but he disputes that it was the true reason. He states that the day before the termination, he had received a favorable evaluation, and was told that he could not get a pay raise until after he got his license. Plaintiff thought he had a valid drivers license when he applied for the position with defendant. The record is unclear as to the requirements for the position, and plaintiff contends that being required to drive a company vehicle was not part of his job description.

Thus, the Court finds that defendant is not entitled to summary judgment on plaintiff's retaliation claim.

Plaintiff also brings a claim for a racially hostile environment. "To be actionable under Title VII, the work environment must have been both objectively and subjectively offensive. To decide whether a work environment is objectively offensive, that is, one which a reasonable person would find hostile or abusive, we examine all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the employee's work performance. To constitute an objectively offensive work environment, the discriminatory conduct must be so severe or pervasive that it alters the conditions of the plaintiff's employment. A hostile work environment exists when the workplace is dominated by racial slurs, but not when the offensive conduct consists of offhand comments and isolated incidents." *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 759 (8th Cir. 2004) (citation omitted)

Defendant contends that plaintiff cannot establish that the conduct complained of was so severe or pervasive that it altered the conditions of plaintiff's employment. The Court cannot agree. Plaintiff has alleged, and has submitted the statements of others, that racially offensive jokes and racial slurs were frequent and common occurrences, that management participated in these offensive comments, and that management condoned such comments by customers. The Court cannot find that the remarks were sporadic or isolated. Furthermore, plaintiff contends that black employees were subjected to discriminatory treatment, including delayed receipt of uniforms and denial of access to a bathroom. Additionally, plaintiff alleges that a black customer was overcharged.

In sum, the Court finds that there is a genuine issue of material fact as to whether the racial harassment was severe or pervasive enough to affect a condition of plaintiff's employment. *See Williams v. ConAgra Poultry Co.*, 378 F. 3d 790, 795 (8th Cir. 2004).

Thus, the motion for summary judgment is denied.

Defendant has filed a motion in limine. It seeks to exclude evidence of other black employees receiving their uniforms later, incidents where black employees were forced to keep their shop area clean, and incidents where black customers were charged higher labor rates than whites for having their cars repaired . While it is true that plaintiff does not have standing to sue on behalf of other employees or customers, the Court cannot find that the evidence is irrelevant. *See Id.* at 794 (evidence of widespread toleration of racial harassment and disparate treatment condoned by management relevant to defendant's motive in firing plaintiff; evidence of extent of hostile environment probative on matter of management's motives in firing plaintiff).

Thus, the defendant's motion in limine is denied.

Accordingly, the motion for summary judgment and the motion in limine are denied.

IT IS SO ORDERED this 1st day of August, 2005.

*George Howard Jr*
UNITED STATES DISTRICT JUDGE